## Casari v. Glowatski

*A. Stephen Cohen*, for plaintiff.
*Frank S. Morrison*, for defendant.

RANCK, *J.*, May 31, 1979—Plaintiff, the owner and operator of a used car business in the Borough of Mount Carmel known as R.C. Motors, brought this action against John Glowatski for damages resulting from defendant's intentional interference with plaintiff's business. Though there are numerous allegations in plaintiff's complaint, the gist of the claim is as follows. Defendant is the owner of two adjoining lots along Route 61 in Mount Carmel. One of these is leased to plaintiff. Plaintiff maintained his used car business on this property. In April of 1977, defendant placed a sign balanced on a large garbage can in the middle of a common access route to the two lots. As a result, plaintiff had less available space for display automobiles and was forced to reduce his inventory. In June of 1977, defendant began to allow landfill to be placed on the lot adjacent to plaintiff's business. This landfill contained pieces of broken glass and other sharp objects which caused damage to the tires both of customers and cars in plaintiff's inventory. Finally, defendant began to collect salvage on this adjoining property. Plaintiff claims this salvage created an unattractive appearance, limited the space available for display automobiles, and obstructed

prospective customer's vision of those automobiles. A picture of the adjacent lot appeared in the local newspaper along with an accompanying caption describing it in unfavorable terms. Plaintiff claims that this publicity damaged his reputation as a business person in the community.

Defendant has filed preliminary objections to plaintiff's complaint in the form of a motion to strike, a motion for more specific pleading, and a demurrer. We will deal only with the demurrer at this time.

## DISCUSSION

Defendant has demurred to the complaint asserting, among other things, that it fails to disclose a cause of action for the tort of intentional interference with a business relation. Upon examination of the complaint, we must agree.

At least since Lumley v. Gye, 2 Ell. & Bl. 216, 1 Eng. Rul. Cas. 706 (1853), the common law has recognized an action in tort for an intentional, unprivileged interference with contractual relations. Restatement, Torts, §766, adopted by the courts of Pennsylvania (see Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472, 474 (1960); Behrend v. Bell Telephone Co., 242 Pa. Superior Ct. 47, 363 A. 2d 1152, 1159 (1976)), states that "[o]ne who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby." This definition has been refined by the courts to consist of three elements: (1) the actor must act for the purpose of causing this specific type of harm to the plaintiff,

(2) such act must be unprivileged, and (3) the harm must actually result: Birl, supra; Behrend, supra; Glenn v. Point Park College, 441 Pa. 474, 480, 481, 272 A. 2d 895 (1971).

The sufficiency of a complaint alleging intentional interference with a business relationship was examined in Glenn, supra. In that case plaintiffs, real estate brokers, sought damages from a vendee of real estate by reason of vendee's negotiating a direct purchase from the vendor, thus interfering with a prospective economic gain by the brokers in the form of their anticipated commissions from the vendor. The court in Glenn stated that a complaint alleging this tort must disclose: "(1) a prospective contractual relation . . . (2) the purpose or intent to harm plaintiff by preventing the relationship from occurring, (3) the absence of privilege or justification on the part of the actor . . . and (4) the occurrence of actual harm or damage to plaintiff as a result of the actor's conduct." Glenn, supra, at 898.

Accepting every well-pleaded material fact set forth in the complaint as well as all inferences reasonably deductible therefrom, we find that plaintiff has sufficiently averred the possibility of prospective contractual relationships. Actual harm as a result of defendant's conduct has also been adequately alleged. However, the complaint is totally lacking with respect to the other two requirements. quirements.

As stated above, the complaint must show that defendant acted for the purpose of causing harm to plaintiff. Nowhere among the six pages of the complaint can we find it stated that defendant acted with such intent. It is not even alleged that defendant acted intentionally. The complaint merely con-

tains averments as to what acts were performed by defendant. In Glenn the complaint stated that: "'By negotiating directly with [Sheraton], the defendant intentionally, wrongfully, maliciously, fraudulently, deceitfully and without justification interfered with and precluded and prevented plaintiffs from entering into the relationship of brokers in the transaction with [Sheraton], thus depriving plaintiffs of their commission." Glenn, supra, at 899. The court found that "[w]hile this comes close to charging an intent to cause harm to plaintiffs, it stops short of doing so." Glenn, supra. Surely if the language in Glenn was found to be insufficient, then the complaint before us cannot withstand defendant's demurrer.

The complaint is also required to disclose an absence of privilege on the part of defendant. In determining whether a defendant's conduct is privileged "[t]he issue is whether in the given circumstances his [defendant's] interest and the social interest in allowing the freedom claimed by him are sufficient to outweigh the harm that his conduct is designed to produce." Adler, Barish, Daniels, Levin & Creskoff v. Epstein, 252 Pa. Superior Ct. 553, 560, 382 A. 2d 1226, 1230 (1977). Thus, "[w]hat is or is not privileged conduct in a given situation is not susceptible of precise definition." Glenn, supra. Though we have serious doubts that the acts of defendant were not privileged, we see no need to decide that issue at the present time. The complaint as now drafted does not even allege that defendant's acts were unprivileged. For us to make that inference would be stepping beyond the borders of our discretion. Therefore, we find that plaintiff's complaint has not negated the existence of privilege on the part of defendant.

Whether plaintiff can amend his complaint such that it will withstand a demurrer is open to question. However, "the right to amend should not be withheld where there is some reasonable possibility that it can be done successfully." Glenn, supra, at 900; see also Pa.R.C.P. 1033. Plaintiff will be given this opportunity.

We therefore enter the following

## ORDER

And now, May 31, 1979, after due consideration of the written and oral arguments of counsel, it is ordered and directed that defendant's preliminary objection in the nature of a demurrer be, and the same is hereby, sustained.

Plaintiff shall have 20 days from the filing of this order to file an amended complaint.